# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>AILEEN CONDE AGUILAR,<br><br>*Debtor.* | CASE NO. **15-09237 (BKT)**<br><br>CHAPTER 7 |

### RESPONSE TO *TRUSTEE'S OBJECTION TO CLAIM NUMBER 06 FILED BY BANCO POPULAR DE PUERTO RICO NOTICE AND CERTIFICATE OF SERVICE* (DOCKET NO. 24)

**TO THE HONORABLE COURT:**

**COMES NOW**, Creditor **Banco Popular de Puerto Rico** (hereinafter "BPPR"), by and through its undersigned legal counsel, and very respectfully states and prays:

On June 16, 2016, the Trustee filed an objection to BPPR's proof of claim arguing that the same was not filed with "evidence of [BPPR's] security interest." (Docket No. 24). As such, the Trustee's argues, BPPR's proof of claim falls short of the requirements of Bankruptcy Rule 3001(d). BPPR respectfully submits that the Trustee is mistaken in his objection.

BPPR's proof of claim (Claim 6-1) was filed with a copy of BPPR's mortgage note executed by debtor in favor of BPPR, the mortgage deed executed as guarantee thereof, as well as a copy of a title abstract showing that the mortgage deed in question was filed before

*Response to Trustee's Objection…*
Case No.**15-09237 (BKT)**
Page -2-

the Registry of the Property and pending recordation. From the referenced documentation, and party in interest can easily ascertain that both Debtor and BPPR executed a negotiable instrument and a mortgage deed with the intent of constituting a lien over Debtor's property. The additional documents submitted as part thereof further evidence the process for perfection of the same.

Consequently, BPPR submits that Claim 6-1 complied with the requirements of FBRP 3001(d). BPPR further represents to this Honorable Court that its mortgage deed is, at present, duly recorded at the Registry of the Property.

Moreover, the Trustee's objection to BPPR claim is procedurally improper. In this context, under Rule 3007(b) "a party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." The Trustee's claim objection essentially seeks a determination as to "the validity, priority or extent" of BPPR's lien, a matter which is squarely contemplated in Bankruptcy Rule 7001(2). Hence, BPPR respectfully submits that the Court cannot adjudicate the Trustee's claim objection as is, and Rule 3007(b) would require the outcome of a full adversary proceeding in order to address the Trustee improvident objection.

Finally, we cannot lose sight of the fact that Debtor classified BPPR's claim as "secured" in her petition for relief, and Debtor's plan was duly confirmed on January 25,

*Response to Trustee's Objection…*
Case No.**15-09237 (BKT)**
Page -3-

2016 (Docket No. 15). The order confirming the plan is final and, as such, has a *res judicata* effect as to all parties, including the Chapter 13 Trustee.

It is well settled law that, upon becoming final, an order confirming a Chapter 13 plan represents "a binding determination of the rights and liabilities of the parties as ordained by the plan."[1] Hence, a confirmed plan is *res judicata* and its terms are not subject to collateral attack.[2] <u>A Chapter 13 Trustee is also bound by the *res judicata* effect of a final order for confirmation</u>.[3] This would naturally include challenging claims as unsecured, when a final order of confirmation has already deemed the underlying claim as "secured." *Id*.

**WHEREFORE**, and for the aforementioned reasons, BPPR respectfully request from this Court that it DENY the Trustee's Objection to Claim 6-1 (Docket No. 24)

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of July, 2016.

**I HEREBY CERTIFY** that electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of

---

[1] 8-1327 Collier on Bankruptcy P 1327.02[1].

[2] See, <u>Ford Motor Credit Co. v. Bankr. Estate of Parmenter (In re Parmenter)</u>, 527 F.3d 606 (6th Cir. 2008) (auto lessor bound by terms of plan making debtor, not estate, liable for lease payments); <u>In re Harvey</u>, 213 F.3d 318 (7th Cir. 2000); <u>Espinosa v. United Student Aid Funds, Inc.</u>, 545 F.3d 1113, 60 C.B.C.2d 1027 (9th Cir. 2008), amended by 553 F.3d 1193 (9th Cir. 2008), cert. granted 129 S. Ct. 2791, 174 L. Ed. 2d 289 (2009); <u>Multnomah County v. Ivory (In re Ivory)</u>, 70 F.3d 73 (9th Cir. 1995); <u>In re Szostek</u>, 886 F.2d 1405, 21 C.B.C.2d 889 (3d Cir. 1989); Hearn v. Bank of New York (In re Hearn), 337 B.R. 603 (Bankr. E.D. Mich. 2006)) (creditor could not dispute provision of confirmed plan giving debtor right to assert trustee's avoiding powers); See also, <u>In re Pence</u>, 905 F.2d 1107 (7th Cir. 1990).

[3] See, <u>Hope v. Acorn Fin., Inc.</u>, 731 F.3d 1189, 70 C.B.C.2d 356 (11th Cir. 2013) (trustee could not bring action to avoid lien when plan provided for underlying claim as secured claim).

*Response to Trustee's Objection…*
Case No.**15-09237 (BKT)**
Page -4-

record registered in the use of the CM/ECF system.

                                                      s/ Eyck O. Lugo-Rivera
**Eyck O. Lugo-Rivera**
USDC-PR No. 216708
E-mail: elugo@edgelegalpr.com

**EDGE Legal Strategies, PSC**
252 Ponce de León Ave., Suite 1200
San Juan, Puerto Rico 00918
Tel.: (787) 522-2000
Fax: (787) 522-2010