**UNITED STATES BANKRUTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF: | Case No. 15-09237-BKT |
| AILEEN CONDE AGUILAR | Chapter 13 |
| *Debtor.* | |

**RESPONSE TO *TRUSTEE'S MOTION TO SUSTAIN OBJECTION TO CLAIM 06 DKT. 24***

**TO THE HONORABLE COURT:**

  **COMES NOW**, Creditor **Banco Popular de Puerto Rico** (hereinafter "BPPR"), by and through its undersigned legal counsels, and very respectfully states and prays:

  On June 17, 2016, the Trustee filed an objection to BPPR's proof of claim arguing that the same was not filed with "evidence of [BPPR's] security interest." (Docket No. 24). As such, the Trustee argued, BPPR's proof of claim fell short of the requirements of Bankruptcy Rule 3001(d).

  On July 18, 2016, BPPR filed its *Answer to Objection to Claim 6* (Docket No. 25), which arguments we incorporate by reference herein, asserting that: (1) BPPR's Claim 6-1 complied with the requirements of FBRP 3001(d); (2) at present, its mortgage deed is duly recorded at the Registry of the Property; (3) the Trustee's objection to BPPR claim is procedurally improper, since Rule 3007(b) would require the outcome of a full adversary

proceeding in order to address the Trustee improvident objection; and, (4) Debtor classified BPPR's claim as "secured" in her petition for relief, Debtor's plan was duly confirmed on January 25, 2016 (Docket No. 15) and, therefore, the order confirming the plan is final and has a *res judicata* effect as to all parties, including the Chapter 13 Trustee.

Immediately after BPPR's motion, on July 19, 2016, the Trustee filed a *Notice of Withdrawal Objection to Claim Number 06* and *Notice of Withdrawal of Notice of Withdrawal Objection to Claim Number 06* (Docket No. 26 and 27). Now again, on November 9, 2016, trustee filed a motion sustaining its objection to BPPR's proof of claim number six (6-1) (Docket No. 28), and requesting an entry of order determining that the same be allowed as a general unsecured claim, arguing that BPPR claim lacks evidence of a perfected security interest over Debtor's property. In order to put this issue to rest one and for all, BPPR files the instant motion.

In order to dispel any doubts as to this issue, BPPR hereby submits as **Exhibit 1** of the instant motion an official transcript of the Property Registry books, which reflects that the mortgage in question is duly recorded.

**WHEREFORE**, and for the aforementioned reasons, BPPR respectfully request from this Court that it DENY the Trustee's request for an entry of order to sustain objection to Claim 06 (Docket No. 28).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of November, 2016.

**I HEREBY CERTIFY** that electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of

*Response to Trustee's Motion…*
Case No.: **15-09237-BKT**
Page 3

record registered in the use of the CM/ECF system.

                                                                                s/ Eyck O. Lugo-Rivera
**Eyck O. Lugo-Rivera**
USDC-PR No. 216708
E-mail: elugo@edgelegalpr.com


**EDGE Legal Strategies, PSC**
252 Ponce de Leon Ave., Suite 1200
San Juan, Puerto Rico 00918
Tel. (787) 522-2000
Fax (787) 522-2010